IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**VERNON CRADLE,**

    **Petitioner,**

                                       **CIVIL ACTION NOS. 1:04-0749**
**v.**                                                    **1:05-0392**
                                    **CRIMINAL ACTION NO. 1:02-00241-06**

**UNITED STATES OF AMERICA,**

    **Respondent.**

<u>**MEMORANDUM OPINION**</u>

Pursuant to the court's Judgment Order filed herewith, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R excepting as modified herein, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its Memorandum Opinion.

Petitioner raised a number of issues in his two motions under 28 U.S.C. § 2255, but, following the issuance of the magistrate judge's F & R, withdrew contravention on the issues raised in Civil Action No. 1:04-0749.[*] (<u>See</u> Doc. No. 6 in both

---

[*] Petitioner also appears to object to the drug weight calculation . (<u>See</u> Doc. No. 7) ("I was clearly enhanced by .09 which I've never found in the guideline books. The amount of pills is not a discrepancy but the way you get 900 kg as opposed

Civil Actions.)  The only issue petitioner raised in Civil Action No. 1:05-0392 is that his criminal history classification was improper as he had "already paid [his] due for a felony" and that it is "unconstitutional to put [him] in another category that was paid for."  (See Doc. No. 7 in both Civil Actions.)  As the magistrate judge never explicitly addressed this argument in his F & R, the court now addresses it.

    Petitioner's objection is without merit.  It is clear that considering a defendant's prior criminal history when calculating his sentence is constitutional, and, in fact, expected practice.  United States v. Baker, 1992 U.S. App. LEXIS 1149, at **6-7 (4th Cir. Jan 31, 1992).  See United States v. Lovelock, 170 F.3d 339, 345 (2d Cir. 1999); United States v. Litteral, 910 F.2d 547, 552-53 (9th Cir. 1990).  As such, petitioner's first objection is OVERRULED.

    For the reasons outlined herein, in the accompanying Judgment Order, the court (1) confirms and accepts the magistrate judge's findings excepting as modified herein, (2) denies petitioner's motions under 28 U.S.C. § 2255 to Vacate, Set Aside,

---

to 100 kg is.").  This issue was raised only in Civil Action No. 1:04-00749, which petitioner, under the guise that it was meritless, withdrew seven days before he filed his objection.  (See Doc. No. 6 in both Civil Actions.)  Nevertheless, assuming petitioner intended for this claim to remain alive, as the magistrate judge noted in the F & R, petitioner's objection must be overruled because Blakely v. Washington, 542 U.S. 296 (2004) does not apply retroactively.  (See generally Doc. No. 5 at 4-10.)

or Correct Sentence by a Person in Federal Custody (Doc No. 1 in both above-referenced civil actions), and (3) directs the Clerk to remove these matters from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 18th day of May, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge